

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10388 | **DATE** | 1-9-13 |
| **CASE TITLE** | Alvin Gray (#2012-0715160) v. Officer Montgomery, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $20.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the supervisor of inmate trust fund accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. Superintendent Garry McCarthy and Cook County States Attorney Anita Alvarez are dismissed as Defendants. The Clerk is directed to issue summons for Defendant Officer Montgomery and the United States Marshals Service is appointed to serve him. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■ [For further details see text below.] 1-9-13 /s/ Charles Norgle    Docketing to mail notices.

## STATEMENT

Plaintiff, Alvin Gray, presently in custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, Chicago Police Officer Montgomery, Chicago Police Superintendent McCarthy, and Cook County States Attorney Anita Alvarez violated his constitutional rights by subjecting him to false arrest and malicious prosecution. More specifically, Plaintiff claims that on December 30, 2010, Officer Montgomery pulled him over while he was driving a car owned by a friend. After finding that Plaintiff had a criminal history, Officer Montgomery arrested him. Plaintiff was in custody for over fifteen months before he was acquitted at trial. Plaintiff alleges that the States Attorney should have investigated his defense to facilitate his earlier release.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $20.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against Defendant Montgomery
**(CONTINUED)**

AWL

for false arrest. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the amended complaint.

However, Plaintiff has failed to state a cause of action against Defendant Garry McCarthy. While the police superintendent is named in the caption of the complaint, Plaintiff makes no factual claim against him. Rule 8(a) of the Federal Rules of Civil Procedure requires the complaint to contain: (1) a short and plain statement of the basis for the court's jurisdiction; (2) a short and plain statement of the plaintiff's basic claims, and (3) a demand for the relief sought. . Plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (2004). Plaintiff has not pled a claim against Defendant McCarthy sufficient to satisfy the pleading standard of Fed. R. Civ. P. 8(a), and he must be dismissed.

With respect to Cook County States Attorney Anita Alvarez, "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). If the Anita Alvarez were intentionally engaging in wrongdoing in their prosecution of Plaintiff, then she would be subject to criminal sanctions as well as professional discipline; however, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976); *see also*, *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Accordingly, Anita Alvarez is immune from suit.

The Clerk shall issue summons for service of the complaint on Defendant Montgomery (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

The Court denies Plaintiff's motion for appointment of counsel, without prejudice to later renewal. Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint, nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, after Defendant responds to the complaint.